J. EDWARD KERLEY (175695)
DYLAN L. SCHAFFER (153612)
KERLEY SCHAFFER LLP
1939 Harrison Street, #500
Oakland, California 94612
Telephone:   (510) 379-5801
Facsimile:   (510) 228-0350
Email:       edward@kslaw.us
             dylan@kslaw.us

Attorneys for Plaintiff
GLORY PROPERTIES

SONIA MARTIN (Bar No. 191148)
MENGMENG ZHANG (Bar No. 280411)
DENTONS US LLP
One Market Plaza, Spear Tower, 24th Floor
San Francisco, California 94105
Telephone:   (415) 267-4000
Facsimile:   (415) 267-4198
Email:       sonia.martin@dentons.com
             mengmeng.zhang@dentons.com

Attorneys for Defendant
SCOTTSDALE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORY PROPERTIES, INC.,<br><br>   Plaintiff,<br><br>   vs.<br><br>SCOTTSDALE INSURANCE COMPANY,<br><br>   Defendant. | Case No. 2:19-cv-01748-JAM-CKD<br><br>**JOINT STIPULATION TO STAY LITIGATION PENDING COMPLETION OF APPRAISAL AND ORDER**<br><br>Trial Date:   None<br>Action Filed: September 4, 2019 |

Plaintiff Glory Properties, Inc. and defendant Scottsdale Insurance Company (collectively, the "Parties"), by and through their respective counsel of record, stipulate as follows, and respectfully request the Court approve their stipulation for good cause shown:

WHEREAS, Glory Properties, Inc. filed this action on September 4, 2019, against Scottsdale Insurance Company;

-1-

CASE NO. 2:19-CV-01748-JAM-CKD   JOINT STIPULATION TO STAY LITIGATION PENDING COMPLETION OF APPRAISAL AND ORDER

1  WHEREAS, at the time of the subject loss, Scottsdale insured Plaintiff under its

2 Commercial General Liability Policy (the "Policy"), a copy of which is attached as Exhibit A;

3  WHEREAS, the parties have agreed to appraise the amount of loss pursuant to the

4 Policy's "Appraisal" provision, which is mandated by California Insurance Code section 2071

5 and states as follows:

> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> a.  Pay its chosen appraiser; and
>
> b.  Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, we will still retain our right to deny the claim.

15  WHEREAS, the parties will name their respective appraisers on or before April 16, 2021;

16  WHEREAS, the appraisal will resolve the dispute between Plaintiff and Scottsdale

17 regarding the amount of loss. *See* Ins. Code § 2071 (appraisal provision is mandated on all first

18 party fire policies);

19  WHEREAS, appraisal constitutes a form of arbitration under California law. Civ. Proc.

20 Code § 1280; *Kirkwood v. California State Automobile Assn. Inter-Ins. Bureau*, 193 Cal.App.4th

21 49, 57 (2011) ("An agreement to conduct an appraisal included in a standard fire insurance policy

22 constitutes an 'agreement' within the meaning of Code of Civil Procedure section 1280,

23 subdivision (a), and thus is considered to be an arbitration agreement subject to the statutory

24 contractual arbitration law.);

25  WHEREAS, the Federal Arbitration Act ("FAA") mandates the enforcement of arbitration

26 agreements, and provides in relevant part as follows:

27  A written provision in any . . . contract evidencing a transaction
28  involving commerce to settle by arbitration a controversy thereafter

DENTONS US LLP
One Market Plaza, Spear Tower, 24th Floor
San Francisco, CA 94105
415-267-4000

arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. §§ 2 *et seq.*;

WHEREAS, when an issue in the litigation is subject to arbitration, the Federal Arbitration Act requires a federal court to stay proceedings.  9 U.S.C § 3; *see also* 9 U.S.C. § 4;

WHEREAS, judicial economy warrants a stay pending the outcome of appraisal;

THEREFORE, the Parties stipulate that this action should be stayed pending completion of the appraisal process.

IT IS SO STIPULATED.

Dated:  April 15, 2021            KERLEY SCHAFFER LLP

  (As Authorized on 4/15/2021)
By /s/ J. Edward Kerley
         J. EDWARD KERLEY
         DYLAN L. SCHAFFER

Attorneys for Plaintiff GLORY PROPERTIES

Dated:   April 15, 2021           DENTONS US LLP

By:  /s/ Sonia Martin
         SONIA MARTIN
         MENGMENG ZHANG

Attorneys for Defendant
SCOTTSDALE INSURANCE COMPANY

**ORDER**

**IT IS SO ORDERED.** This action is hereby STAYED pending completion of the appraisal process. All trial and pretrial deadlines are hereby vacated. The parties shall notify the Court promptly upon completion of the appraisal.

Dated: April 16, 2021

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE

DENTONS US LLP
One Market Plaza, Spear Tower, 24th Floor
San Francisco, CA 94105
415-267-4000